UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CURTIS RICE,<br>Plaintiff,<br>v.<br>HERITAGE COACH CO., INC.,<br>Defendant. | Case No:<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff John Curtis Rice ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Heritage Coach Co., Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. John Curtis Rice *("Rice")* created a photograph of the late musical artist DMX as his casket was transported to his Brooklyn memorial service in a highly customized Ford F-250 bearing the words, "Long Live DMX" (the "*Photograph*").

3. Rice created the Photograph, which depicts a significant moment associated with the funeral procession of DMX, a pioneering artist in the music industry.

4. Rice is a professional photographer whose work has been published, licensed, distributed, and exhibited through newspapers, magazines, editorial publications, media organizations, digital-media platforms, and commercial channels.

5. Plaintiff owns the rights in the Photograph and licenses it for various authorized uses including online, editorial, journalistic, documentary, commercial, and print publications.

6. Defendant owns and operates a social media account on www.facebook.com known as "@HeritageCoach" (the "*Account*"). The Account is an extension of their for-profit

business, Heritage Coach, which sells upscale hearses to funeral homes across the country.

7. Defendant utilizes social media to promote its website at www.heritagecoach.com, new products, appearances at nationwide trade-shows, and generally foster its business.

8. Upon information and belief, Defendant's unauthorized use of the Photograph had direct commercial value to Defendant because it increased the attractiveness of Defendant's social media presence, drew reader attention to Defendant's content, generated audience engagement, increased traffic to its website, and created advertising and related commercial value without payment of a license fee to Plaintiff.

9. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

10. Plaintiff is a citizen of the State of New York and maintains a principal place of business in Bronx County, New York.

11. Upon information and belief, defendant Heritage Coach Co., Inc., is a Pennsylvania corporation with a principal place of business at 449 Old Reading Pike, Pottstown in Montgomery County, Pennsylvania.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Pennsylvania.

14. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

SLG SANDERS LAW GROUP

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

15. Plaintiff is a professional photographer whose work has been widely licensed, published, distributed, and exhibited through newspapers, magazines, editorial publications, media organizations, digital-media platforms, documentary productions, and other commercial channels.

16. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of Plaintiff's business.

17. Plaintiff has devoted substantial time, skill, effort, creativity, training, and expense to creating original photographic works and maintaining a commercially valuable photographic archive.

18. Plaintiff actively protects, manages, licenses and enforces copyrights in original photographic works and maintains exclusive rights to those works pursuant to the Copyright Act.

19. Plaintiff's photographs possess substantial commercial value because of their originality, professional quality, subject matter, and marketability for editorial, commercial, and promotional uses.

20. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs.

21. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

22. On April 24, 2021, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

23. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

24. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

SLG SANDERS · LAW GROUP ·

25. On June 28, 2021, the Photograph was registered by the USCO under Registration No. VA 2-258-863.

26. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

27. Defendant is the registered owner of the Account and is responsible for its content.

28. Defendant is the operator of the Account and is responsible for its content.

29. The Account is a key component of Defendant's lucrative commercial enterprise.

30. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

31. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

32. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

33. On or about May 4, 2021, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Account as part of a Facebook post at URL: https://www.facebook.com/HeritageCoach/photos/a.3865267030223112/4022605921155888/?type=3&paipv=0&eav=AfbB7zU3MoGFofIEgoZumBmBOKgrLnVJbdT2D1Zxy4oSgcn8Y9eTaFU4nfbiNRX0dtM&_rdr. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

34. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

35. Plaintiff first observed the Infringement on July 24, 2024.



SLG SANDERS LAW GROUP

36. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph. (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

37. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

38. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

39. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

40. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

41. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

42. Upon information and belief, Defendant has the legal right and ability to control, review, approve, modify, remove, and limit the infringing activities on its Account.

43. Upon information and belief, Defendant monitors the content on its Account.

44. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

45. Upon information and belief, the Infringement increased audience engagement with the Account and generated additional traffic, brand visibility, consumer interest, promotional

SLG SANDERS · LAW GROUP ·

value, and commercial value for Defendant.

46. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, customer attention, and related business-development opportunities associated with the Infringement.

47. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

48. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

49. Defendant's use of the Photograph harmed the actual market for the Photograph.

50. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

51. On August 12, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

52. On September 11, 2024, February 28, 2026, and March 30, 2026, Plaintiff, through counsel sent follow-up communications seeking to resolve Plaintiff's claim without litigation and affording Defendant an additional opportunity to address Defendant's infringement of Plaintiff's copyrighted work.

53. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

54. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

55. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

SLG SANDERS · LAW GROUP ·

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

56. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

58. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

60. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

61. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

62. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

63. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs

SLG SANDERS · LAW GROUP ·

pursuant to 17 U.S.C. § 505 from Defendant.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

SLG SANDERS · LAW GROUP ·

DATED: September 1, 2026

**SANDERS LAW GROUP**

By: /s/ Renee J. Aragona
Renee J. Aragona, Esq. (PA Bar 325520)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 130535

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·